AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
## Western District of New York

United States of America

v.

Richard Petix

*Defendant*

Case No. 15-M- 2140

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about December 3, 2015, in the Western District of New York, the defendant, Richard Petix, in a matter within the jurisdiction of the executive and judicial branches of the Government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, that is, the defendant did deny to agents of Homeland Security Investigations and to officers of the United States Probation Office that he owned and had access to a smartphone and a laptop computer, whereas in truth and in fact, and as the defendant then and there well knew, he did own and have access to such smartphone and laptop computer.

**All in violation of Title 18, United States Code, Section 1001(a)(2).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

BRAD A. BRECHLER
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: December 4, 2015

*Judge's signature*

City and State: Buffalo, New York

HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO      )

I, Brad A. Brechler, being duly sworn, deposes and states as follows:

1.  I have been employed as a Special Agent with Homeland Security Investigations ("HSI"), within the United States Department of Homeland Security ("DHS") since October 2009. As a Special Agent, I am a federal law enforcement officer within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, violations of federal criminal law, including offenses enumerated in Title 18, United Stated Code, Section 1001.

2.  I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, discussions with other agents of HSI, other law enforcement officials, and officers of the United States Probation Office for the Western District of New York, interviews of witnesses, and my review of relevant records and reports. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by an HSI agent, law enforcement officer, or witness who had either direct or hearsay knowledge of that statement, to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among statements made by others and are

1

stated in substance and in part unless otherwise indicated. Any interpretations or opinions rendered in this affidavit are based on my training and experience in the context of the facts of this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause for the offense listed in the criminal complaint, it does not recite all evidence gathered thus far.

3. At all times relevant to this criminal complaint, Richard Petix was a registered sex offender on federal supervised release in the Western District of New York. On January 16, 2009, he was sentenced under case number 6:06-CR-06007-001, upon a guilty plea to and conviction for violating Title 18, United States Code, Section 2252A(a)(1) (Knowingly Transporting Child Pornography in Interstate Commerce), by the Honorable Charles J. Siragusa, United States District Judge, to a term of imprisonment of 60 months and a term of supervised release of 30 years. Among the special conditions of his supervision that he "must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision" and that "[a]s triggered by impermissible/suspicious activity, [he] shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by [him]."

4. On October 20, 2015, Petix completed a Computer / Internet Data Form that he submitted to his probation officer. At the top of the form was the instruction, "As a specific condition of supervision, you are required to provide your probation officer accurate information about your entire computer system and software; all passwords used by you;

and your Internet Service Provider(s)." In response to the typewritten question, "Where do you most often use a computer?", Petix handwrote, "I dont [sic] use a computer." Petix signed the form, acknowledging that a false statement on the form may result in a charge of false statements under Title 18, United States Code, Section 1001.

5. On December 3, 2015, officers of the United States Probation Office observed Petix accessing a laptop computer, and in possession of a cellular telephone that is a smartphone capable of connecting to the Internet, and multiple computer thumb drives in a publicly accessible business located in the City of Buffalo, New York. According to these officers, Petix had never provided the Probation Office any notice that he would own or use any of these devices during his term of supervision. The officers, accompanied by agents of HSI, took custody of the devices. On the open screen of the laptop computer, in plain view, officers and agents saw an open Electrum Bitcoin wallet displaying a recently signed transaction indicating that Petix had just used the laptop to transfer 37 bitcoins.[1]

---

[1] Bitcoin is a "virtual" currency, that is, a medium of exchange that operates like a currency in some primarily Internet-based environments, but does not have all the attributes of real currency, such as legal tender status. Bitcoin is a "convertible" virtual currency in that it has an equivalent value in real currency and acts as a substitute for real currency. This equivalent value is not determined by any authority or entity, nor is it tied to the real currency of any jurisdiction. Rather, the Bitcoin floats on the open market, with its price subject to variations in global supply and demand. At or about the time of the above transaction, the trading value of a bitcoin was approximately $360. The total transfer was, therefore, worth approximately $13,320.

Bitcoin is not inherently illegal and has known legitimate uses, much like cash; bitcoins, however, are also used to facilitate illicit transactions, including the distribution of controlled substances, child pornography, and other contraband, and to launder criminal proceeds, given the ease with which they can be used anonymously, again like cash. Exchangers of virtual currencies, including Bitcoin, are considered money transmitters under federal law and are subject to anti-money laundering regulations if they conduct substantial business in the United States. See 31 C.F.R. § 1010.100 (ff)(5); see also

6. Upon questioning by United States probation officers and HSI agents, Petix stated that the laptop computer belong to his girlfriend, Brittany Benight. Furthermore, when questioned about the smartphone, Petix denied ownership, claiming it was again Benight's or a work phone that Petix was unable to access. Petix claimed, therefore, that he was unable to consent to and cooperate with any examination of the devices.

7. Officers and agents located Benight inside a vehicle with two minor children parked in the parking lot of the business where Petix was found. Benight told officers and agents that the laptop computer, smartphone, and thumb drives all belonged to and were used by Petix. When I questioned Benight, after she spoke with probation officers, she stated that the reason she and Petix were at the business was that they were in the process of picking up Petix's mother, who lived in the Buffalo area and planning on returning with her to Rochester, where Petix and Benight lived. I advised Benight on multiple occasions that lying to federal agents is a federal crime in violation of 18 U.S.C. § 1001. Benight continued to state that the only reason that Petix and Benight were in Buffalo was to meet Petix's mother. Subsequently, agents detained Petix; Benight departed the scene with the children on her own.

8. On December 4, 2015, I received information from United States probation officers that Benight, unbeknownst to me at the time, had told probation officers on

---

Department of the Treasury Financial Crimes Enforcement Network, Guidance on the Application of FinCEN's Regulations to Persons Administering, Exchanging, or Using Virtual Currencies, FIN-2103-G001 (March 18, 2013).

December 3, 2015, that the reason that she and Petix were at the business in Buffalo was for Petix to sell bitcoins.

**WHEREFORE,** based upon the foregoing probable cause, it is requested that a criminal complaint and arrest warrant issue.

_____
BRAD A. BRECHLER
Special Agent
Homeland Security Investigations

Subscribed and sworn to before
me this 4th day of December, 2015

_____
HONORABLE HUGH B. SCOTT
United States Magistrate Judge

5