IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**RICHARD PETIX,**
Defendant.

**AFFIDAVIT**

Case No.: 15-CR-00227

---

**AFFIDAVIT IN SUPPORT OF THE DEFENDANT'S MOTION FOR REVOCATION OF THE MAGISTRATE JUDGE'S ORDER DETAINING THE DEFENDANT WITHOUT BAIL PENDING TRIAL**

**STEPHEN M. LEONARDO**, being duly sworn, deposes and says:

1. I am an Attorney admitted to practice in the Western District of New York and, am the Attorney for the Defendant herein. As such, I am fully familiar with the facts and circumstances of the charges pending against the Defendant in this Court, namely a Petition alleging that the Defendant violated the terms and conditions of his supervised release (as alleged in an amended Petition dated January 11, 2016). I am also familiar with a related charge filed initially by felony complaint now by way of Indictment in case 15-CR-227-A pending in the Western District of New York (Buffalo) accusing the Defendant of making false statements in violation of 18 USC 1001(a)(2).

2. On or about December 4, 2015, a Criminal Complaint (15-M-2140-JJM, docket #1) was filed against the Defendant charging him with making false statements to Agents of Homeland Security and United States Probation regarding his ownership of and/or access to a laptop computer and a smartphone (18 U.S.C. 1001).

3. The Defendant had previously been convicted of a violation of 18 U.S. C. 2252 Possession of Child Pornography in this Court and sentenced to a term of imprisonment of sixty (60) months and thirty (30) years of supervised release. Although the Defendant is not

precluded from using smartphones or computers, the conditions of his supervised release require that he give advance notification of any such devices that will be used.

4. On December 3, 2015 it is alleged that the Defendant was observed accessing a laptop computer and was also found to be in possession of a cellular telephone as well as multiple computer thumb drives while in a business located in Buffalo, New York. The Defendant is alleged to have denied that the aforementioned devices belonged to him. As a result, the Defendant was detained and the above-mentioned charges were filed.

5. The Defendant has been detained since that day, namely, December 3, 2015.

6. Specifically, the Defendant was arraigned in United States District Court of Western New York located in Buffalo, New York on December 4, 2015 (before Magistrate Scott) on the charge of violating 18 USC 1001 and pleaded not guilty. Including his arraignment the Defendant was required to and made five (5) separate appearances before Magistrate Scott – three (3) appearances for what were to be detention hearings culminating with an appearance on December 21, 2015 at which time Magistrate Scott elected to "defer to Judge Siragusa's detention decision in pending Violation of Supervised Release matter in Case No.: 6:06-cr-06007. The Defendant was "detained on [pursuant to Judge Siragusa's order] only" as of the December 21, 2015 appearance. See Exhibit "A".

7. On the violation of his supervised release, the Defendant appeared in this Court on December 8, 2015 and was arraigned, pleading not guilty. This Court issued a Coonan Order and adjourned the matter to January 12, 2016.

8. Is much as Magistrate Scott, despite holding three (3) separate "detention hearings", chose to defer to this Court, your deponent contacted Your Honor's chambers on or about December 22, 2015 in an effort to see if a detention hearing could be held before Christmas. In your absence Magistrate Payson was kind enough to agree to hold such a hearing on December 23, 2015. For the Government's part, the hearing took place essentially

by proffer - the Government maintaining that the Defendant was a danger to the community. Specifically, the Government argued that the fact the Defendant was found in possession of a computer/laptop and other electronic devices, namely, a smartphone, the same means by which the Defendant had previously accessed/possessed images of child pornography which led to the Defendant's underlying conviction to Possession of Child Pornography, and that despite the Defendant having been observed using such devices, the Defendant still denied having access to and/or possession of the same, the Government feared that no means of "supervision" other than incarceration would deter the Defendant from violating the terms and conditions of his supervised release therefore making him a risk to the general public. The Defendant, referring in part to verified portions of the Pretrial Services Report prepared at the direction of Magistrate Scott and dated December 19, 2015, also proceeded in part by proffer as follows:

- With the exception of his time in Federal prison, the Defendant has resided his entire life in a residence on Virginia Manor Road in the Town Of Gates;
- The Defendant is employed at a family owned business in the Town of Gates, where his current income is $1,550/month.
- The Defendant resides with his eight (8) year old daughter (whom he has custody of) and his girlfriend along with her seven (7) year old daughter;
- The Defendant does not possess a passport;
- The Defendant has no history of bench warrants for missed court appearances;
- The Defendant is currently prescribed Adderall to treat his ADHD and has no history of mental illness;
- The Defendant also called his father, Louis Petix as a witness who not only confirmed the above but also testified he would be willing to post an unsecured or secured appearance bond (a secured bond would be secured by Louis Petix's home located at 131 Jordache Lane, Gates, New York which he owns free and clear having a value of approximately $90,000) and further testified that the Defendant could reside with him at the Jordache Lane Home.

9. Magistrate Payson reserved decision. See Exhibit "B".

10. No decision was rendered prior to the Christmas or New Year's holiday. The Defendant, by your deponent, sent a number of letters to Magistrate Payson in support of the Defendant's release on conditions and requesting to know when it was likely a decision

would be made on the detention hearing. Copies of that correspondence are attached as Exhibit "C".

11. Ultimately Magistrate Payson scheduled the matter for decision on the same day that this Court had previously scheduled a status conference namely, January 12, 2016. On the afternoon of that day, Magistrate Payson granted the Government's motion for detention on the grounds of dangerousness. See Exhibit "D".

12. As of the date of this Affidavit, the charge contained in the Indictment pending in Buffalo and the amended petition alleging various grounds upon which the Defendant is alleged to have violated his supervised release are the only charges pending against the Defendant.

**THE EVIDENCE AND ARGUMENTS TO REVOKE THE MAGISTRATE'S DETENTION ORDER**

13. It is alleged that one or more Department of Homeland Security agents along with one or more federal probation officers observed the Defendant in a Buffalo restaurant attempting to access a laptop computer. On the screen at the time, the Government further alleges that the agents saw "an open electrum Bitcoin wallet displaying a recently signed transaction indicating that Petix has just used the laptop to transfer 37 bitcoins". Conceding that a bitcoin is not an inherently illegal item, the Government nevertheless, and to surprise, suggests that, as with most everything else, it is possible that a bitcoin may be used to facilitate illicit transactions.

14. The Government further alleges that a review of the cellular telephone revealed text messages that the Defendant was buying Adderall and other prescription medication.

15. In October of 2015, approximately two (2) months before the Defendant's arrest, the Defendant completed a questionnaire required by federal probation in which, at the time, he denied using or having access to a computer.

16. Of course the Government also alleges that the Defendant unlawfully denied that both the laptop computer and the cellphone were his.

17. As it relates to Adderall, included in the Pre-Trial Services Report prepared by Probation, among other things, is verified reference to the fact that the Defendant has a prescription for Adderall used to treat his ADHD.

18. It is irrefutable that the Defendant has no history of missing a scheduled court appearance or has ever been the subject of a warrant for failing to appear in Court. In that regard, the Defendant hopes that the Court will recall even against the backdrop of the five (5) year prison sentence he received in connection with the child pornography charges that resulted in his being placed him on supervised release, the Defendant made all of his court appearances.

19. Upon information and belief, including conversations with Federal Probation, a conviction for violating terms and conditions of his supervised release would likely result in a sentence of four months in prison.

20. Upon information and belief, based upon review of current federal sentencing guidelines, a conviction for violating section 18 USC 1001 would carry with it a recommended sentence of approximately twenty-four (24) months in federal prison.

21. Based upon the limited discovery provided by the Government in connection with the indicted charge pending in Buffalo, the Government has failed to uncover the Defendant's involvement, participation or attempt to participate in any violent conduct that would pose a danger to any member of the community. Even the broadest definition of danger to the community however, would still support the Defendant's release on one or more conditions.

22. The new criminal charge pending in the District Court in Buffalo is assigned to Judge Arcara. Upon information and belief, Judge Arcara's trial docket is such that a trial in this action, should it be necessary, will likely not be scheduled for several years. As a consequence, the Defendant could be detained for longer than the potential prison sentence he could receive for the pending charge.

23. The Defendant maintains that pursuant to the Federal Rules of Criminal Procedure 32.1 and 18 USC 3143 this Court has jurisdiction to release the Defendant as the evidence did and will establish by clear and convincing evidence that he is not either a flight risk nor a danger to any other person in the community and/or there exists sufficient conditions as set forth in 18 USC 3140 that the Court can impose to reasonably ensure that the job defendant did not flee the jurisdiction or present a danger to the community.

24. The Defendant maintains and is certain that the Government cannot and will not be able to establish that he ever used or attempted to use any computer (or cell phone) for the purpose of possession or in any way making use of child pornography since his conviction some six (6) plus years ago. The Defendant further maintains that the Government can demonstrate no use of the computer he is accused of possessing/having access to that, in any way, could demonstrate that he is both a danger to the safety of other persons and the community and a danger to obstruct or attempt to obstruct justice. The Defendant submits that this Court, upon a *de novo* review of the evidence proffered and provided through the testimony of Louis Petix and potentially others, should revoke Magistrate Payson's detention order and order the defendant released pending a resolution of this case.

## CONCLUSION

**BASED ON ALL OF THE FOREGOING**, the Defendant respectfully requests that this Court revoke the Magistrate Judge's Order Setting Conditions of Release stating the Court should determine that the Defendant is and continues to be a danger to the community and a serious risk to obstruct justice and that there are no conditions or combination of conditions that could reasonably ensure the safety of others and of the community and on that basis and Order that the Defendant be detained pending trial.

s/Stephen M. Leonardo, Esq.
**STEPHEN M. LEONARDO, ESQ.**
**Attorney for the Defendant**

Sworn to before me this
12th day of February, 2016

______________________________
Notary Public

JOSEPH R. SULLIVAN
Notary Public
State of New York
Monroe County
My Commission Expires 08-05-2017