UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

United States of America

        v.

Richard Petix,

                Defendant.

**Decision and Order**

15-CR-227A

---

        Defendant Richard Petix ("Petix") filed omnibus pretrial motions on February 24, 2016 (Dkt. No. 15) and a supplemental motion to dismiss on July 29, 2016 (Dkt. No. 23). The Government duly filed responses to the motions, and the Court held oral argument on August 24, 2016.

        Among Petix's motions are motions to suppress statements and physical evidence that probation and other federal officers obtained from him on the night of December 3, 2015. In short, Petix has been on supervised release following a conviction for transporting child pornography in Case No. 06-CR-6007, before District Judge Charles Siragusa. (*See* Dkt. No. 26-1.) Petix's special conditions of supervision include supervision by the United States Probation Office ("USPO") for any computer usage and consent to searches based on reasonable suspicion. (*Id.* at 4.) On the night of December 3, 2015, USPO and Homeland Security Investigation ("HSI") officers allegedly found Petix at a local coffee shop using a computer that he did not obtain advance permission to use. The Government eventually filed charges pertaining to false statements and an unlicensed money transmitting business. (Dkt. No. 16.) Petix wants any evidence obtained on the night of December 3, 2015 suppressed for several reasons. Petix claims a Sixth Amendment violation in that he "was arrested, and subsequently questioned, as he left court

for a related charge. Defendant had counsel on the related charge. This questioning, therefore, took place in violation of his right to counsel." (Dkt. No. 15-1 at 9.) Petix also claims a Fifth Amendment violation in that "the statements made by Defendant were in the course of custodial interrogation. Defendant was under arrest in the inherently coercive environment of a police station." (*Id.*) Petix claims a Fourteenth Amendment violation as well but does not explain the basis for that claim. The suppression motions contain requests for a suppression hearing, though Petix has not submitted an affidavit to support those requests.

The Government responds that Petix's factual assertions make no sense. The Government argues that "all relevant questioning occurred in the coffee shop and its parking lot. These inexplicably incorrect allegations in the motion demonstrate the wisdom of the usual practice of requiring that, as a threshold matter, factual assertions in support of a defense motion for suppression must be made in an affidavit by a defendant, not an oral assertion by the defendant or his attorney." (Dkt. No. 26 at 18 (internal quotation and editorial marks and citation omitted).) The Government argues further that the events of December 3, 2015 occurred in the context of post-conviction supervision, which diminishes the force of Petix's arguments for suppression. (*See id.* at 17.)

In considering Petix's request for a suppression hearing, the Court has considered a few competing factors. Generally, "an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (internal quotation and

2

editorial marks and citations omitted).  The Court has discretion to deny a suppression hearing where, among other reasons, "the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, or where the issue involved is purely one of law."  *United States v. Carter*, No. 11-CR-121-A, 2012 WL 4721117, at *2 (W.D.N.Y. Sept. 11, 2012), *report and recommendation adopted*, No. 11-CR-121A, 2012 WL 4713900 (W.D.N.Y. Oct. 3, 2012).  Allegations about *Miranda* warnings can be different, though.  "An assertion that *Miranda* warnings were not given, when the government asserts the contrary, thus creates a specific factual dispute.  That dispute cannot properly be resolved without an evidentiary hearing."  *United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998).  Here, the Government implicitly has created a factual dispute through its assertion that "a probationer has no right to remain silent or to counsel when called upon to respond to the supervision efforts of his probation officer." (Dkt. No. 26 at 16.)  The Government's assertion presupposes that all of the events of December 3, 2015 occurred within the scope of investigating a violation of supervised release pertaining to computer use.  That presupposition might turn out to be true, but the Court has to take a cautious approach given that the superseding indictment contains a count alleging new criminal conduct unrelated to computer usage in itself.  The new allegation creates the possibility that, at some point on the night of December 3, 2015, any questions that USPO and HSI officers asked Petix were geared more toward the new offense than to any violation of supervised release.  *Cf. United States v. Newton*, 369 F.3d 659, 679 (2d Cir. 2004) (finding that a question posed to the defendant about "why he had the gun" found during a parole search required either *Miranda* warnings or a finding of harmless error given other trial evidence); *United States v. Santalucia*, 666 F. Supp. 2d 268, 273 (N.D.N.Y.

3

2009) (suppressing statements elicited during a parole search; once a weapon was found, asking the defendant what he was doing with it "was aimed at eliciting a response" and required *Miranda* warnings). A suppression hearing will help clarify for both sides what questioning occurred and whether any of it implicated *Miranda* or the Sixth Amendment.

The Court thus finds conditionally that a suppression hearing is necessary. On or before October 4, 2016, defendant must file an affidavit supporting his request for a suppression hearing. If defendant files an affidavit to the Court's satisfaction then a suppression hearing will occur on October 18, 2016 at 10:30 AM. The scope of the suppression hearing will be the events of December 3, 2015 generally, though the parties are encouraged to focus on information that will help the Court conduct a *Miranda* and Sixth Amendment analysis.

Speedy-trial time remains excluded while pretrial motions remain pending.

SO ORDERED.

                                                          __/s Hugh B. Scott_____
                                                          HONORABLE HUGH B. SCOTT
                                                          UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2016