UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

United States of America

             v.

Richard Petix,

                    Defendant.

**Decision and Order**
15-CR-227A

---

## I. INTRODUCTION AND BACKGROUND

On February 24 and July 29, 2016, defendant Richard Petix ("Petix") filed omnibus pretrial motions. (Dkt. Nos. 15, 23.) Even though the Court granted a hearing (Dkt. No. 27), Petix has withdrawn his motions to suppress. (Dkt. No. 30.) The Court has issued a separate Report and Recommendation to address the motion to dismiss Count Two of the superseding indictment. The Report and Recommendation contained a summary of the background facts of this case; for the sake of brevity, that summary is incorporated here by reference. In this Decision and Order, the Court will address Petix's remaining non-dispositive pretrial motions.

## II. DISCUSSION

### A. *Motion for Rule 12 and 16 Discovery*

Petix has made a motion, under Rules 12 and 16 of the Federal Rules of Criminal Procedure ("FRCP"), for pretrial discovery including statements, criminal history, forensic examinations, and prior search warrants. In general, the Government responds by noting that it has provided Petix with a broad array of voluntary discovery, and that any information not provided yet would be premature at this time. To the extent that any specific requests remain outstanding, the Government is directed either to furnish the information or to provide notice of

an objection to production. The Government's response otherwise appears to be sufficient at this time, so long as it keeps in mind its continuing obligation to disclose. The Court denies Petix's motion as moot but without prejudice to renew before Judge Arcara if necessary.

### B. *Motion for Bill of Particulars*

Petix seeks a Bill of Particulars only for Count One of the superseding indictment. (*See* Dkt. No. 25.) With respect to Count One, Petix wants more precise information regarding the time, date, and place of the acts alleged, along with more of a description of the "substance" of the alleged conduct. The Government responds that "[b]etween the criminal complaint, indictment, voluntary discovery, and amended petition for violation of supervised release (attached as Exhibit 4), the circumstances of the conduct charged in Count One could not be more clear." (Dkt. No. 26 at 10–11.) Any additional information, according to the Government, would amount to premature disclosure of trial exhibits and strategy.

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *U.S. v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted). "Moreover, it is of no consequence that the requested information would have required the disclosure of evidence or the theory of the prosecution. While a bill of particulars is not intended, as such, as a means of learning the government's evidence and theories, if necessary to give the defendant enough information about the charge to prepare his defense, it will be required even if the effect is disclosure of evidence or of theories. A district court judge, however, has the discretion to deny a bill of particulars if the

2

information sought by defendant is provided in the indictment or in some acceptable alternate form." *U.S. v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (internal quotation marks and citations omitted). Courts have denied motions for bills of particulars where "the indictment specifies the time, place and nature of the alleged criminal conduct . . . . [and where] the government has produced pursuant to Rule 16 relevant police records from the date of the crime as well as the amended criminal complaint, which further specifies the acts [defendant] is accused of committing." *U.S. v. Remire*, 400 F. Supp. 2d 627, 633 (S.D.N.Y. 2005); *see also U.S. v. Davis*, No. 06 CR 911 (LBS), 2009 WL 1098477, at *4 (S.D.N.Y. Apr. 21, 2009) (denying a bill of particulars where "the Government has already disclosed that it intends to prove at trial that the targets of the robbery were engaged in interstate drug trafficking, including the purchase of marijuana from California for resale to customers in Manhattan and the Bronx").

      Here, the information that Petix has received so far makes a Bill of Particulars unnecessary. From the pre-indictment complaint, the supervised release violation petition, the two indictments, and voluntary discovery, Petix knows in considerable detail what the Government thinks that he did. Specifically, Petix knows that, on the evening of December 3, 2015, law enforcement agents and probation officers found him at a coffee shop in the City of Buffalo, allegedly in flagrant violation of a special condition of release that prohibited computer use without prior approval from the United States Probation Office. Petix knows that the Government believes that he lied to the agents and officers about his computer use. Petix knows further that the Government believes, through the use of informants or undercover agents, that he had violated his special condition of release continually and almost immediately after finishing his term of incarceration.

3

Petix thus has sufficient notice of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect him from double jeopardy. The Court accordingly denies the request for a Bill of Particulars.

### C. Motion for Brady/Jencks/Giglio Information

Petix seeks information subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500, and *Giglio v. U.S.*, 405 U.S. 150 (1972). "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution . . . . Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady*, 373 U.S. at 87. The *Brady* rule covers situations "[w]hen the reliability of a given witness may well be determinative of guilt or innocence." *Giglio*, 405 U.S. at 154 (internal quotation marks and citation omitted); *accord U.S. v. Bagley*, 473 U.S. 667, 676 (1985) (plurality opinion) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule.") (citing *Giglio*). When considering information that might fall under the *Brady* rule, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The Government does not necessarily have to await a defense request to produce information that falls under the *Brady* rule, but neither does it need to adopt an "open file policy." *See id.* at 437; *see also U.S. v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) ("Under *Brady* and its progeny, the government has an affirmative

4

duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense. The individual prosecutor is presumed to have knowledge of all information gathered in connection with the government's investigation.") (citations omitted). Also, "[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." *U.S. v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) (citations omitted). As for the timing of *Brady* disclosure, "[i]t is not feasible or desirable to specify the extent or timing of disclosure *Brady* and its progeny require, except in terms of the sufficiency, under the circumstances, of the defense's opportunity to use the evidence when disclosure is made. Thus disclosure prior to trial is not mandated. Indeed, *Brady* requires disclosure of information that the prosecution acquires during the trial itself, or even afterward . . . . At the same time, however, the longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use." *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) (citations omitted).

Here, the Government has acknowledged its affirmative obligations for disclosure under *Brady*, the Jencks Act, and *Giglio*, and has committed to making disclosures within the time that Judge Arcara will set in the eventual trial order. The Government's commitment will suffice, absent a showing that a different arrangement is necessary in this case. The Court thus denies Petix's motion but without prejudice to renew before Judge Arcara if necessary.

### D. *Motion for Disclosures Under Various Rules of Evidence*

Petix seeks notice of evidence that the Government would use at trial under Federal Rules of Evidence ("FRE") 404(b), 607, 608, and 609. FRE 404(b) governs requests for disclosure of all

evidence of prior bad acts that the Government intends to use in its case-in-chief. FRE 404 requires that defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the Government intends to use any such evidence of a prior bad act in its case in chief, the Government shall produce all FRE 404(b) evidence as directed by Judge Arcara in the eventual trial order.

With respect to Petix's requests under FRE 607, 608, and 609, the only notice requirement imposed by any of those Rules applies closer to trial. FRE 609(b)(2) mandates that "the proponent [give] an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." To the extent that the Government intends to use at trial evidence falling under these rules, it must give reasonable notice as directed by Judge Arcara in the trial order.

Petix also seeks a pretrial conspiracy hearing to test the foundation of co-conspirator statements pursuant to *Bourjaily v. U.S.*, 483 U.S. 171 (1987), *superseded by* Fed. R. Evid. 801(d)(2) (1997 Amendment). The Court considers this evidentiary issue best left to the trial judge. *See U.S. v. Glover*, 583 F. Supp. 2d 5, 10 n.8 (D.D.C. 2008). "Of course, should the Government fail to prove a conspiracy at trial, the conspiracy count would be removed from the jury's consideration pursuant to Fed. R. Crim. P. 29." *U.S. v. Wilk*, No. 04-cr-60216-JIC, Dkt. No. 339, at 2 (S.D. Fla. Mar. 14, 2005), *affirmed*, 2005 WL 7863458 (Apr. 29, 2005). The Court denies this request but without prejudice to renew as necessary at trial.

### E. *Motion for Preservation of Notes*

Petix seeks an order requiring law enforcement agents who participated in this case to preserve their rough notes. The Government has not objected to preservation that does not carry over to unwarranted disclosure. (*See* Dkt. No. 26 at 22.) The Court directs the Government to arrange for preservation of rough notes pending further instructions from Judge Arcara.

## III. CONCLUSION

The Court grants Petix's non-dispositive pretrial motions in part and denies them in part as explained above.

SO ORDERED.

/s Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

DATED: December 1, 2016