UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA ) 15CR227
)
vs.
Buffalo, New York
RICHARD PETIX, ) October 18, 2016
Defendant. 10:30 a.m.
- - - - - - - - - - - - - - - - - X

**Status Conference**
**Transcribed from an Electronic Recording Device**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

WILLIAM J. HOCHUL, JR., ESQ.
United States Attorney
BY: WEI XIANG, ESQ.
Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202

STEPHEN M. LEONARDO, ESQ.
MATTHEW R. LEMBKE, ESQ.
Cerulli, Massare & Lembke
45 Exchange Boulevard, Suite 925
Rochester, New York 14614
Appearing on behalf of the Defendant

COURT REPORTER: Karen J. Bush, Official Court Reporter
(585) 613-4312
100 State Street
Rochester, New York 14614

USA VS. R. PETIX

P R O C E E D I N G S

* * *

THE CLERK: This is case No. 15CR227, United States versus Richard Petix. Status conference. Counsel, please state your names and the parties you represent for the record.

MR. XIANG: Good morning, your Honor. Wie Xiang for the government.

MR. LEONARDO: Steve Leonardo on behalf of Richard Petix. Joining me this morning is co-counsel Matt Lembke.

THE COURT: Good morning.

MR. LEMBKE: Good morning, your Honor.

THE COURT: All right. We scheduled this this morning, I believe, for a status conference. You wish to be heard? Now, let me have you drive this bus first.

MR. LEONARDO: Your Honor, this was actually scheduled this morning --

THE COURT: For a hearing.

MR. LEONARDO: For suppression hearing. The defendant withdrew that request, but I did ask the Court if it intended to address that branch of the motion which challenged

the second count of the superseding indictment. And I don't know what the Court's position is on that.

THE COURT: All right. You wish to be heard?

MR. XIANG: Well, Judge, I guess we acknowledge that we won't proceed with the suppression hearing. But I think we did have oral argument the previous time before the Court issued the order at docket 27 following our argument with respect to the motion to dismiss. I don't know.

THE COURT: Let me go back a step because there seems to be some major difference in the recitation of facts in this case. Can somebody give me help with that?

MR. XIANG: Well, Judge.

THE COURT: Should I accept the government's submittal on the suppression issue?

MR. LEONARDO: I'm not sure how to respond to that, your Honor. I think at the end of the day, both sides agree that what my client is alleged to have done is sell Bitcoin.

THE COURT: Right, right.

MR. LEONARDO: The question is whether the personal sale of Bitcoin, as I argued the last time --

THE COURT: And that is the issue you want to get to, I understand that. But I'm a little worried -- let me just see if I can go over some of this with you. In the motion,

there is some talk about an interrogation in a police station, but the allegation is he was never taken to a police station.

MR. XIANG: Judge, I thought they were withdrawing the motion to suppress all together.

THE COURT: I understand that, but I'm also a little concerned that this is still part of the record. So, also, there is some talk about being arrested as soon as he left court. Of course the other side of that is it's argued that he was arrested at a coffee shop while browsing a laptop. I mean, I don't know.

MR. XIANG: Judge, about that, the defense motion recited -- counsel recited some facts as part of the motion to suppress. Those were not allegations, factual allegations made by someone with personal knowledge of the actual circumstances.

THE COURT: Right.

MR. XIANG: If they are withdrawing the motion to suppress, I don't think that is part of the record. And to the extent it is, it doesn't affect it.

THE COURT: I want to make sure there is a complete withdrawal to the motion to suppress and that is your position.

MR. LEONARDO: Correct, Judge. Thank you.

THE COURT: Given that aspect of it, I think we can move on. So you want the legal question, really, whether

Bitcoin constitutes currency. That is what we're looking at, isn't it?

MR. LEONARDO: Whether Bitcoins, as alleged in the second count of the indictment or my client's transaction in them constituted an activity that required him either to register or whether that is the transfer really of funds.

MR. XIANG: Your Honor, I think we argued this the last time.

THE COURT: I know you did, I want to make sure there is nothing left.

MR. XIANG: Okay.

THE COURT: And apparently, there is not. With respect to all of the other forms of relief that are being sought, there is no dispute; is that correct?

MR. LEONARDO: That's correct, your Honor.

MR. XIANG: Right. I think the remainder is just discovery-related matters.

THE COURT: I will -- I will reserve decision as of right now. I confirmed on the record that completely the suppression motion is withdrawn.

MR. LEONARDO: Judge, yes, your Honor, thank you. Does the Court -- would the Court entertain a submission a memorandum on that issue?

THE COURT: I think you would be -- well, yeah, I

think.

MR. LEONARDO: That is the defendant's intention, your Honor.

THE COURT: And the government should be given an opportunity to respond. You want to get that done within a week and a half, two weeks?

MR. LEONARDO: That's fine.

THE COURT: What is today's date? Submit by October 26th, and the government will respond, if they chose to do so, November 7th and I'll consider it submitted on that date.

MR. LEONARDO: Fine.

MR. XIANG: Your Honor, this is with respect --

THE COURT: Wait a minute, there is a problem.

THE CLERK: Just for clarification, for the record, Judge, with respect to the October 26th and November 7th submissions, what exactly is being filed?

MR. LEONARDO: Memorandum of law.

THE COURT: Memorandum of law.

MR. XIANG: On what issue, Judge? Because they filed the initial motion with a memo and I filed a response opposing at docket 24.

THE COURT: You have something beyond that?

MR. LEONARDO: Correct.

USA VS. R. PETIX

THE COURT: And that's on -- let's make the record clear and that addresses again.

MR. LEONARDO: Can I just have a moment, your Honor.

THE COURT: Go ahead.

MR. LEONARDO: Judge, I'm trying to simplify it as much as I can. I think it really goes to what is alleged Count 2 constitutes a crime.

THE COURT: Are you saying you want to supplement on that issue?

MR. LEONARDO: I guess to the extent we've raised the issue, it would be considered a supplement so.

THE COURT: I'm going allow it. And if you chose to respond to it, you can on the 7th. That's it. I will consider it submitted on the 7th.

MR. LEONARDO: Thank you your Honor.

MR. XIANG: Yes, your Honor.

THE COURT: Good enough. Good luck.

MR. LEMBKE: Your Honor, can the record note my appearance on behalf of Mr. Petix from here on out or do you want me to file a notice of appearance?

THE CLERK: You should file a notice of appearance.

THE COURT: You have to file.

MR. LEMBKE: All right. Thank you.

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s Karen J. Bush, RPR

Official Court Reporter