**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff

-vs-

DECISION and ORDER

15-CR-227

RICHARD PETIX

Defendant

On December 9, 2015, a one count indictment was filed against the defendant charging him with Material False Statement in violation of Title 18, United States Code, Section 1001(a)(2), ECF No.3. By an order entered that same date, December 9, 2015, the case was referred by text order of Honorable Richard J. Arcara, District Court Judge to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No 4.

Subsequently, on March 9, 2016, a superseding indictment was filed against the defendant, ECF No. 16. The superseding indictment contained a second count in which the defendant was accused of Operating Unlicensed Money Transmitting Business in violation of Title 18, United States Code, Section 1960. On July 29, 2016, the defendant filed a "Supplemental Motion to Dismiss Second Count of the Indictment," ECF No. 23. On August 17, 2016, the Government filed its response to defendant's motion to dismiss the second count of the superseding indictment, ECF No. 24. On August 24, 2016, Magistrate Judge Scott heard oral argument on the defendant's application to dismiss count two of the superseding indictment, ECF No. 25. On November 3, 2016, the defendant filed a "Supplemental Submission on Motion to Dismiss Count Two of the Superseding Indictment, ECF No. 35. On December 1, 2016, Magistrate Judge Scott filed

a Report and Recommendation ("R & R"), in which he recommended that the defendant's motion to dismiss count two of the superseding indictment be granted, ECF No. 36. On December 14, 2016, the Government timely filed its "Objection to Report and Recommendation on Defendant's Motion to Dismiss Count Two," ECF No. 42. On February 6, 2017, the defendant timely filed his response to the Government's objection, ECF No. 54.

Pursuant 18 U.S.C. § 3161(h)(1)(H), the Court has 30 days from final submission to take the matter under advisement. In other words, since the matter was finally submitted on February 6, 2017, the Court has until March 8, 2017 to render a decision before the speedy trial clock resumes. However, a court may in appropriate circumstances, in the interests of justice, extend the toll authorized by 18 U.S.C. § 3161(h)(1)(H), In that regard, the Second Circuit explained:

> . . . we review for abuse of discretion a district court's determination that the ends of justice require a continuance under Section 3161(h)(1)(8)(A).[1] *See United States v. Jones*, 91 F.3d 5, 8 (2d Cir.1996); *see also United States v. Beech-Nut Nutrition Corp*., 871 F.2d 1181, 1198 (2d Cir.1989). The act does not permit unlimited delays, "and the trial court has the responsibility to ensure that the length of an excludable continuance is reasonably related to the needs of the case." *Beech-Nut Nutrition Corp*., 871 F.2d at 1197. If a court cannot decide a pending motion within the 30 days that Section 3161(h)(1)(J) provides, "it is always open to him to find that the interest of justice is best served by granting a continuance under § 3161(h)(8) for the excess period." *United States v. Bufalino*, 683 F.2d 639, 645 (2d Cir.1982). We have held that the court has flexibility in excluding time under Section 3161(h)(8), but it must give reasons for the exclusion in order to prevent abuse*. See United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985). Our review of the record shows that the magistrate judge's actions were appropriate within the Speedy Trial Act. Although the three orders were brief, they were not open-ended and they provided clear reasons for the delay. *See id.* at 78. We have cautioned that the "ends of justice" exclusion of Section 3161(h)(8)(A) should be "rarely used," *id.* at 76 (quoting S.Rep.

1 "18 U.S.C. § 3161(h)(8) . . . was renumbered to 18 U.S.C. § 3161(h)(7) on October 13, 2008. *See* Pub.L. No. 110–406." *United States v. Shellef,* 718 F.3d 94, 98 n. 3 (2d Cir. 2013).

> No. 1021, 93rd Cong., 2d Sess., 21 *29 (1974)), and may not be "used either as a calendar control device or as a means of circumventing the requirements of the Speedy Trial Act." *United States v. LoFranco*, 818 F.2d 276, 277 (2d Cir.1987) (*per curiam*). An exclusion is proper only "on the basis of [the district court's finding] that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Moreover, "[t]he length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case." *United States v. Gambino*, 59 F.3d 353, 358 (2d Cir.1995). However, a district court need not conclude that a case is "complex" under Section 3161(h)(8)(B)(ii) in order to justify its finding that the ends of justice served by granting the continuance outweighed the best interests of defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A); *see also Tunnessen*, 763 F.2d at 76-77 (holding that subsection (h)(8)(B) is a "nonexclusive" list of factors for the court to consider).

*United States v. Aquino*, 1 F. App'x 26, 28–29 (2d Cir. 2001).

In this case, Magistrate Scott's recommendation to grant the defendant's application to dismiss Count Two of the superseding indictment turns on his detailed analysis that bitcoins are not money or funds under 18 U.S.C. § 1960. While this Court's review of his determination may seem straightforward, it is anything but, and could potentially have a far reaching effect, as in the age of the internet we move away from traditional concepts of money and funds. Moreover, as the Government points out, Magistrate Scott's recommendation is at odds with a line of Southern District cases. Additionally, the Court, having now reviewed all pre and post R & R submissions believes that it would benefit from oral argument before rendering its decision.

Accordingly, the Court prospectively concludes, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B), that the ends of justice are served by the grant of a 45 day exclusion from March 8, 2017 to April 22, 2017, and that such exclusion outweighs the interests of both the public and the defendant in a more speedy trial. As explained above,

the Court bases its determination on the complex issue relating to what qualifies as money or funds in the age of the internet, the potentially far reaching effect of the Court's decision, and the advisability of oral argument. If the defendant and/or the government object to the Court's interests of justice exclusion, they must notify the Court in writing of their objection by Monday March 6, 2017, by 12:00 pm. Otherwise, the Court's Judicial Assistant, Kelly Pruden, will contact the parties to arrange a date and time for oral argument.

IT IS SO ORDERED.

Dated: Rochester, New York
March 3, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge