IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA,

                v.                                       15-CR-227-CJS

RICHARD PETIX,

                      Defendant.

─────────────────────────────────

## GOVERNMENT'S PROPOSED JURY CHARGES

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Wei Xiang, Assistant United States Attorney, of counsel, hereby files its proposed jury instructions and requests leave to submit such other instructions as may be appropriate, prior to or at the close of evidence.

DATED:  Buffalo, New York, April 17, 2017.

                                        JAMES P. KENNEDY, JR.
                                        Acting United States Attorney


               By:     s/WEI XIANG
                          Assistant United States Attorney
                          United States Attorney's Office
                          Western District of New York
                          138 Delaware Avenue
                          Buffalo, New York 14202
                          716/843-5806
                          Wei.Xiang@usdoj.gov

# TABLE OF CONTENTS

**REQUEST**                                                                                    **PAGE NO.**

1    COUNT 1: THE INDICTMENT AND THE STATUTE ...................................... 1

2    THE PURPOSE OF THE STATUTE................................................................. 3

3    ELEMENTS OF THE OFFENSE ..................................................................... 4

4    FIRST ELEMENT—STATEMENT OR REPRESENTATION ........................... 5

5    SECOND ELEMENT—MATERIALITY ............................................................ 6

6    THIRD ELEMENT – FALSE, FICTITIOUS OR FRAUDULENT
     STATEMENT ................................................................................................ 7

7    FOURTH ELEMENT – KNOWING AND WILLFUL CONDUCT ................... 8

8    FIFTH ELEMENT – MATTER WITHIN THE JURISDICTION OF THE
     UNITED STATES GOVERNMENT ............................................................... 9

9    COUNT 2: THE INDICTMENT AND THE STATUTE ................................... 10

10   ELEMENTS OF THE OFFENSE ................................................................. 11

11   FIRST ELEMENT –MONEY TRANSMITTING BUSINESS ........................ 12

12   SECOND ELEMENT – UNLICENSED MONEY TRANSMITTING
     BUSINESS.................................................................................................. 15

13   THIRD ELEMENT – DEFENDANT CONTROLLED BUSINESS ................. 16

14   FOURTH ELEMENT – AFFECTING INTERSTATE COMMERCE ............... 17

15   KNOWLEDGE, WILLFULNESS, INTENT, MALICE ................................... 18

16   JURY TO CONSIDER ONLY THIS DEFENDANT........................................ 19

17   MULTIPLE COUNTS, ONE DEFENDANT ................................................. 20

18   SPECIFIC INVESTIGATION TECHNIQUES NOT REIQURED .................... 21

19   EXPERT WITNESS (GENERALLY)............................................................. 22

20    SYMPATHY ...................................................................................................23

21    PUNISHMENT ...............................................................................................24

22    WITNESS CREDIBILITY ..............................................................................25

23    LAW ENFORCEMENT WITNESS .................................................................27

24    INTEREST IN OUTCOME .............................................................................28

25    DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES .............................29

26    ACCOMPLICES CALLED BY THE GOVERNMENT .......................................30

27    CODEFENDANT'S PLEA AGREEMENT ........................................................32

28    TRANSCRIPTS OF TAPE RECORDINGS .......................................................33

29    CONSENSUAL RECORDINGS ......................................................................34

30    USE OF UNDERCOVER AGENTS AND INFORMANTS ...............................35

31    CHARTS AND SUMMARIES (ADMITTED AS EVIDENCE).........................36

32    CHARTS AND SUMMARIES (NOT ADMITTED AS EVIDENCE)................37

**REQUEST NO. 1**          **COUNT 1: THE INDICTMENT AND THE STATUTE**

The defendant is charged with knowingly and willfully making false statements to officers of the United States Probation Office for the Western District of New York, an agency of the United States.  The indictment reads as follows:

On or about December 3, 2015, in the Western District of New York, the defendant, RICHARD PETIX, in a matter within the jurisdiction of the judicial branch of the Government of the United States, did knowingly, willfully and unlawfully make a materially false, fictitious, and fraudulent statement and representation, that is, the defendant did deny to officers of the United States Probation Office for the Western District of New York that he owned and had access to a smartphone, that is, a Samsung Galaxy S5, model SM-S902L, cellular telephone, bearing IMEI number 990005823326880, and a laptop computer, that is, an ASUS, model G752V, laptop computer, bearing serial number FAN0CY92217844A, whereas in truth and in fact, and as the defendant then and there well knew, he did own and have access to such smartphone and laptop computer.

All in violation of Title 18, United States Code, Section 1001(a)(2).

You will observe that the indictment charges that the defendant knowingly and willfully made a materially false, fictitious or fraudulent statement or representation.  In this case, the government contends that the evidence shows that the defendant knowingly and willfully made a materially false, fictitious or fraudulent statement or representation.

1

The relevant statute on this subject is section 1001(a) of Title 18 of the United States Code.  It provides:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully makes any materially false, fictitious or fraudulent statement or representation shall be [guilty of a crime].

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 36.01, Instruction 36-1.

**REQUEST NO. 2**          **THE PURPOSE OF THE STATUTE**

The purpose of section 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice and from the adverse consequences which might result from such deceptive practices.

To establish a violation of section 1001, it is necessary for the government to prove certain essential elements—which I will soon describe for you—beyond a reasonable doubt. However, I want to point out now that it is not necessary for the government to prove that the government agency was, in fact, misled as a result of the defendant's action. It does not matter that the agency was not misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred. These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, or a false writing or document submitted, willfully and knowingly about a matter within the jurisdiction of the government of the United States.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 36.01, Instruction 36-2.

**REQUEST NO. 3**        **ELEMENTS OF THE OFFENSE**

In order to prove the defendant guilty of the crime charged, the government must establish beyond a reasonable doubt that:

First, on or about the date specified, the defendant made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the government of the United States.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 36.01, Instruction 36-9.

**REQUEST NO. 4**          **FIRST ELEMENT—STATEMENT OR REPRESENTATION**


       The first element that the government must prove beyond a reasonable doubt is that the defendant made a statement or representation. In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question. It is sufficient if defendant caused the statement charged in the indictment to have been made. Under this statute, there is no distinction between written and oral statements.

---

L. Sand, et al., <u>Modern Federal Jury Instructions </u>(2016), ¶ 36.01, Instruction 36-10.

**REQUEST NO. 5**          **SECOND ELEMENT—MATERIALITY**

The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it was capable of influencing the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 36.01, Instruction 36-11.

**REQUEST NO. 6**          **THIRD ELEMENT—FALSE, FICTITIOUS OR FRAUDULENT STATEMENT**

The third element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 36.01, Instruction 36-12.

**REQUEST NO. 7**          **FOURTH ELEMENT—KNOWING AND WILLFUL CONDUCT**

The fourth element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 36.01, Instruction 36-13.

**REQUEST NO. 8**        **FIFTH ELEMENT—MATTER WITHIN THE JURISDICTION OF THE UNITED STATES GOVERNMENT**

As I have told you, the fifth element with respect to each count is that the statement or representation be made with regard to a matter within the jurisdiction of the government of the United States. I charge you that the United States Probation Office for the Western District of New York is a department of the United States government.

There is no requirement that the statement be actually directed to or given to the United States Probation Office for the Western District of New York. All that is necessary is that you find that it was contemplated that the statement was to be utilized in a matter which was within the jurisdiction of the government of the United States. To be within the jurisdiction of a department or agency of the United States government means that the statement must concern an authorized function of that department or agency.

In this regard, it is not necessary for the government to prove that the defendant had actual knowledge that the false statement was to be utilized in a matter which was within the jurisdiction of the government of the United States. It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the government of the United States.

---

L. Sand, et al., Modern Federal Jury Instructions (2016), ¶ 36.01, Instruction 36-14.

9

**REQUEST NO. 9**          **COUNT 2:  THE INDICTMENT AND THE STATUTE**

The indictment charges the defendant with operating an unlicensed money transmitting business.  The indictment reads as follows:

Beginning in or before August 2014, the exact date being unknown to the Grand Jury, and continuing until on or about December 3, 2015, in the Western District of New York, and elsewhere, the defendant, RICHARD PETIX, did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b)(1)(B), which failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder, and which affected interstate and foreign commerce in any manner and degree.

All in violation of Title 18, United States Code, Section 1960.

The defendant is charged with violating section 1960 of Title 18 of the United States Code. That section reads as follows:

Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be [guilty of a crime].

---

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 50A.07, Instruction 50A-32.

**REQUEST NO. 10**          **ELEMENTS OF THE OFFENSE**


In order to prove that the defendant operated an unlicensed money transmitting business, the government must establish beyond a reasonable doubt each of the following elements of the offense:


First, that the defendant's Bitcoin activity was a money transmitting business;


Second, that the business was unlicensed;


Third, that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned the business; and


Fourth, that the money transmitting business affected interstate commerce.

---

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 50A.07, Instruction 50A-33.

**REQUEST NO. 11**            **FIRST ELEMENT-MONEY TRANSMITTING BUSINESS**

The first element the government must prove beyond a reasonable doubt is that the defendant's Bitcoin activity was a money transmitting business.

"Money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

The term "funds" is not limited to government-issued currency. "Funds" can include any medium of exchange that is used to pay for goods and services and is used as a measure of their values on the market.

A "business" is a commercial enterprise which is regularly carried on for profit. Thus, a single isolated transmitting of money is not a business under this definition.

A "money transmitting business" is a business which, for a fee, accepts currency for transfer within or outside the United States. A business need not have a physical storefront, be formally incorporated, or otherwise operate in a conventional manner in order to be a money transmitting business. Any person or entity that transfers funds on behalf of the public regularly for profit, by any means, qualifies as a money transmitting business, regardless of how the business is run or organized.

A "money transmitting business" includes any person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.

A "money transmitting business" is a "domestic financial institution" that would be required to file reports on certain domestic coins and currency transactions.

A domestic "financial institution" includes any person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system. A "domestic financial institution" is a financial institution as I just defined it involved in transactions in the United States.

When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States coins or currency of more than $10,000, the institution shall file a report within 15 days following the day on which the reportable transaction occurred with the Commissioner of Internal Revenue. Before concluding any transaction for which such a report would be required, a financial institution shall verify and record the name and address of the individual presenting a transaction, as well as record the identity, account number, and the social security or taxpayer identification number, if any, of any person or

entity on whose behalf such transaction is to be effected.

A "money transmitting business" may not be a depository institution. A depository institution means any insured bank or bank which is eligible to make application to become an insured bank, any mutual savings bank, any savings bank, any insured credit union or any credit union which is eligible to make application to become an insured credit union, any institution which has subscribed for the stock of a Federal Home Loan Bank, any savings association, and any association or entity which is wholly owned by or which consists only of these enumerated institutions.

---

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 50A.07, Instruction 50A-34 and § 50B.02, Instruction 50B-3; 31 U.S.C. §§ 5330(d), 5313(a), and 5312(a)(2)(R); 12 U.S.C. § 461(b)(1)(A); 31 C.F.R. §§ 103.22(b)(1), 103.27(a), and 103.28.

**REQUEST NO. 12**          **SECOND ELEMENT-UNLICENSED MONEY TRANSMITTING BUSINESS**

The second element the government must prove beyond a reasonable doubt is that the defendant's Bitcoin activity was an unlicensed money transmitting business.

To satisfy this element, the defendant must have failed to comply with federal registration requirements applicable to money transmitting businesses.  If you find that the defendant's Bitcoin activity constituted a money transmitting business as I defined for you under the first element, then I instruct you that under federal law, the business was required to be registered with the United States Department of the Treasury, Financial Crimes Enforcement Network.  It is for you to determine whether the money transmitting business was registered as required.  If you find that the money transmitting business was not registered as required, then the money transmitting business was unlicensed.

To satisfy this element, the government must prove that the defendant knew that the business was unlicensed.  However, the government does not have to prove that the defendant knew that federal law required the business to be registered.

---

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions </u>(2016), ¶ 50A.07, Instruction 50A-34; 31 C.F.R. §§ 1010.11(ff)(5)(A), 1022.380(a), and 1022.380(e).

**REQUEST NO. 13**          **THIRD ELEMENT—DEFENDANT CONTROLLED BUSINESS**

The third element the government must establish beyond a reasonable doubt is that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned the business.

To prove that defendant knowingly controlled the money transmitting business, the government must establish that defendant was involved in the management of the business and was not merely an employee of that business. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 50A.07, Instruction 50A-35.

**REQUEST NO. 14**       **FOURTH ELEMENT—AFFECTING INTERSTATE COMMERCE**

The fourth element the government must establish beyond a reasonable doubt is that the money transmitting business affected interstate or foreign commerce.

Interstate or foreign commerce simply means the movement of goods, services, money and individuals between states or between the United States and a foreign state or nation. The government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 50A.07, Instruction 50A-36.

**REQUEST NO. 15**        **KNOWLEDGE, WILLFULNESS, INTENT, MALICE**


Knowledge, willfulness, and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called on to decide.


Medical science has not yet devised an instrument that can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.


The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 6.06, Instruction 6-17.

**REQUEST NO. 16**          **JURY TO CONSIDER ONLY THIS DEFENDANT**

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of this defendant. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 2.01, Instruction 2-18.

**REQUEST NO. 17**            **MULTIPLE COUNTS, ONE DEFENDANT**


The Indictment contains a total of two (2) counts. Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

---

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 3.01, Instruction 3-6.

**REQUEST NO. 18**       **SPECIFIC INVESTIGATION TECHNIQUES**
                                 **NOT REQUIRED**

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. (For example, no fingerprints were taken.) You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. (There is no requirement to attempt to take fingerprints, or that it offer fingerprints in evidence.) Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 4.01,Instruction 4-4.

**REQUEST NO. 19          EXPERT WITNESS (GENERALLY)**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 7.01, Instruction 7-21.

**REQUEST NO. 20**          **SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 2.01, Instruction 2-12.

**REQUEST NO. 21**          **PUNISHMENT**


The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 9.01, Instruction 9-1.

**REQUEST NO. 22**          **WITNESS CREDIBILITY**

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or

hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 7.01, Instruction 7-1.

**REQUEST NO. 23**          **LAW ENFORCEMENT WITNESS**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 7.01, Instruction 7-16.

**REQUEST NO. 24**          **INTEREST IN OUTCOME**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

---

L. Sand, et al., Modern Federal Jury Instructions (2016), ¶ 7.01, Instruction 7-3.

**REQUEST NO. 25**          **DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES**

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 7.01, Instruction 7-4.

**REQUEST NO. 26**          **ACCOMPLICES CALLED BY THE GOVERNMENT**

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the Indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 7.01, Instruction 7-5.

**REQUEST NO. 27**            **CODEFENDANT'S PLEA AGREEMENT**

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

---

L. Sand, et al., Modern Federal Jury Instructions (2016), ¶ 7.01, Instruction 7-11.

**REQUEST NO. 28**                **TRANSCRIPTS OF TAPE RECORDINGS**


The government has been permitted to hand out a typed document that it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcript then what you heard is controlling.


Let me say again, you, the jury, are the sole judges of the facts.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 5.04, Instruction 5-9.

**REQUEST NO. 29**          **CONSENSUAL RECORDINGS**

The government has offered evidence in the form of tape recordings of conversations with the defendant. These recordings were made without the knowledge of the defendant, but with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use the tape recordings in this case.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 5.04, Instruction 5-10.

**REQUEST NO. 30**         **USE OF UNDERCOVER AGENTS AND INFORMANTS**


You have heard testimony from undercover agents and informants who were used by the government to investigate the defendant.


Sometimes the government uses undercover agents and informants who may conceal their true identities in order to investigate suspected violations of the law.  There is nothing improper or illegal with the government using these techniques, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case.  Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents and informants.


Whether or not you approve of the use of an informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 5.08, Instruction 5-23.

**REQUEST NO. 31**          **CHARTS AND SUMMARIES**
                              **(ADMITTED AS EVIDENCE)**


The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---

L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2016), ¶ 5.05, Instruction 5-12.

**REQUEST NO. 32**          **CHARTS AND SUMMARIES**
                            **(NOT ADMITTED AS EVIDENCE)**


The government has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.


It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

---

L. Sand, et al., Modern Federal Jury Instructions (2016), ¶ 5.05, Instruction 5-13.