IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                      15-CR-227-CJS

RICHARD PETIX,

Defendant.

## GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE
## AND SENTENCING GUIDELINE RANGE

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Wei Xiang, Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Superseding Indictment, and pursuant to the suggestion of the Court of Appeals in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentence to which the defendant will be exposed, and the present position of the government as to the calculations under the Sentencing Guidelines which will apply in this case. This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

### MAXIMUM SENTENCE

1.      Count 1 of the Superseding Indictment charges a violation of Title 18, United States Code, Section 1001(a)(2) (material false statement), for which the maximum possible

sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

2.    Count 2 of the Superseding Indictment charges a violation of Title 18, United States Code, Section 1960 (operating an unlicensed money transmitting business), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

3.    The Superseding Indictment also contains a forfeiture allegation as to the defendant to forfeit to the United States all right, title and interest to any property constituting and derived from any proceeds obtained, directly and indirectly, as a result of, inter alia, a violation of law as alleged in Count 2, and any and all property used, and intended to be used, in any manner and part, to commit and to facilitate the commission of such violation, including, but not limited in part to the following:

**ELECTRONIC EQUIPMENT**:

a.    One (1) Samsung Galaxy S5, model SM-S902L, cellular telephone, bearing IMEI number 990005823326880;

b.    One (1) ASUS laptop computer, model G752V, bearing serial number FAN0CY92217844A; and

c.    Six (6) assorted thumb drives, seized from the defendant by Homeland Security Investigations (HSI) Agents on December 3, 2015.

**MONEY JUDGMENT**:

A sum of United States Currency which will serve as a lien against the defendant's property, wherever situated, with interest to accrue at the prevailing rate per annum until fully satisfied in the event this amount is not located.

## ELEMENTS OF THE OFFENSE

4.      If this case proceeded to trial, the government would be required to prove beyond a reasonable doubt:

With regard to Count 1 of the Superseding Indictment:

a.      on or about December 3, 2015, the defendant made a statement or representation;

b.      this statement or representation was material;

c.      the statement or representation was false, fictitious or fraudulent;

d.      the false, fictitious or fraudulent statement was made knowingly and willfully; and

e.      the statement or representation was made in a matter within the jurisdiction of the government of the United States.

With regard to Count 2 of the Superseding Indictment:

a.      the defendant's Bitcoin activity was a money transmitting business;

b.      the business was unlicensed;

c.      the defendant knowingly controlled, conducted, managed, supervised, directed, or owned the business; and

d.      the money transmitting business affected interstate commerce.

## SENTENCING GUIDELINES CALCULATIONS

5.      The government presently believes that the Sentencing Guidelines will apply to this case as follows:

## BASE OFFENSE LEVEL

6. Guidelines § 2B1.1(a)(2) applies to the offense of conviction in Count 1 and provides for a base offense level of **6**.

7. Guidelines §§ 2S1.3(a)(2) and 2B1.1(b)(1)(F) apply to the offense of conviction in Count 2 and provide for a base offense level of **16.**

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The following specific offense characteristic applies to the offense of conviction in Count 2: the 2-level increase pursuant to Guidelines § 2S1.3(b)(1) (defendant knew or believed that the funds were intended to promote unlawful activity).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing and Guidelines § 3D1.4(c), the combined adjusted offense level for the offenses of conviction is **18**.

## ACCEPTANCE OF RESPONSIBILITY

10. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court, thereby demonstrating acceptance of responsibility for his offenses, a 2-level decrease pursuant to Guidelines § 3E1.1(a) may be warranted. The government will not move for any decrease pursuant to Guidelines § 3E1.1(b).

## CRIMINAL HISTORY CATEGORY

11.    Based upon the information now available to the government, the defendant

has 5 criminal history points, which are calculated as follows:

a.    The defendant was convicted upon a plea of guilty on July 4, 2006 of
      Knowingly Transporting Child Pornography in Interstate Commerce.
      That conviction results, pursuant to Guidelines § 4A1.1(a), in 3
      criminal history points.

b.    The defendant committed the instant offenses while under a sentence of
      supervised release related to the conviction described in ¶ 10(a), above.
      That fact results, pursuant to Guidelines § 4A1.1(d), in 2 criminal
      history points.

In accordance with the above, the defendant's Criminal History Category is III.

## SENTENCING RANGE

12.    Based upon the calculations set forth above, with a total offense level of **16** and
criminal history category of III, the defendant's sentencing range would be a term of
imprisonment of **27** to **33** months, a fine of **$10,000** to **$95,000**, and a period of supervised
release of **1** to **3** years.

13.    The foregoing Sentencing Guidelines calculations are based on facts and
information presently known to the government. Nothing in this document limits the right
of the government to change its position at any time as to the appropriate Guidelines
calculations in this action, and to present to the Court and Probation Department, either
orally or in writing, any and all facts and arguments relevant to sentencing and to the
defendant's offense level, criminal history category and sentencing range, which are available
to the government at the time of sentencing. Nothing in this document limits the ability of

5

the government to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action and to recommend a sentence above the Sentencing Guidelines range. Further, this document does not limit the right of the government to take a position on any departure or non-Guidelines sentence which may be suggested by the Court, the Probation Department, or the defendant.

14.    Upon the Court's acceptance of the defendant's anticipated plea of guilty to Count 2 of the Superseding Indictment, the defendant will have been adjudged guilty and convicted of Count 2 and, as such, the defendant will be subject to forfeiture. The Court will determine the amount to be forfeited of all of the defendant's right, title, and interest, pursuant to Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853(a), against any property constituting and derived from any proceeds obtained, directly and indirectly, as a result of the violation of law alleged in Count 2, and any and all property used, and intended to be used, in any manner and part, to commit and to facilitate the commission of such violation.

15.    This document does not and cannot bind either the Court or the Probation Department either as to questions of fact or as to determination of the correct Guidelines to apply in this case.  The sentence to be imposed upon the defendant will be determined solely by the Court.  The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

6

DATED:    Buffalo, New York, April 26, 2017.


                                  JAMES P. KENNEDY, JR.
                                  Acting United States Attorney


                          BY:     _____
                                  WEI XIANG
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  Western District of New York
                                  138 Delaware Avenue
                                  Buffalo, New York   14202
                                  716/843-5806
                                  Wei.Xiang@usdoj.gov