```
 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3

 4

 5     - - - - - - - - - - - - - - X
       UNITED STATES OF AMERICA    )    15CR227
 6                                 )
       vs.
 7                                      Buffalo, New York
       RICHARD PETIX,              )    April 6, 2017
 8              Defendant.              10:30 a.m.
       - - - - - - - - - - - - - - X
 9     Status Conference
       Transcribed from an Electronic Recording Device
10
                           TRANSCRIPT OF PROCEEDINGS
11                BEFORE THE HONORABLE CHARLES J. SIRAGUSA
                         UNITED STATES DISTRICT JUDGE
12

13                       JAMES P. KENNEDY, JR., ESQ.
                         Acting United States Attorney
14                       BY: WEI XIANG, ESQ.
                         Assistant United States Attorney
15                       138 Delaware Avenue
                         Buffalo, New York 14202
16
                         RICHARD RESNICK, ESQ.
17                       Assistant United States Attorney
                         100 State Street, 5th Floor
18                       Rochester, New York 14614

19                       MATTHEW R. LEMBKE, ESQ.
                         Cerulli, Massare & Lembke
20                       45 Exchange Boulevard, Suite 925
                         Rochester, New York 14614
21
                         STEPHEN M. LEONARDO, ESQ.
22                       30 W. Broad Street, Suite 500
                         Rochester NY 14614
23
       COURT REPORTER:   Karen J. Bush, Official Court Reporter
24                       (585) 613-4312
                         100 State Street
25                       Rochester, New York 14614
```

```
1                        USA VS. R. PETIX
2                        P R O C E E D I N G S
3                          *        *        *
4
5
6            THE COURT:  -- city of Rochester.  I don't know
7    what the strength of the case is.  And I don't know much about
8    the case.  But, obviously, if there were a conviction, by the
9    time, again, you can clearly outline for me -- outline for me,
10   what is the case -- what is your case here?  What is your
11   proof?
12           MR. XIANG:  Well, Judge, first of all, we have the
13   night he was arrested, so that was the night it was an
14   undercover agent that has a meeting with him that is observed
15   and it's on tape and it's observed by other agents and observed
16   by probation.  And that is when the transaction goes down.  He
17   transfers about $13,000 in Bitcoin to the agent, but he gets
18   taken down.  At that time, the laptop is still up.  One of the
19   flash drives is plugged in.  We're able to see many Bitcoin
20   transactions, historical transactions that is on a Wallet that
21   we can still see there.  And now, so that is -- that is that
22   incident.  And what leads up to it, we have at least two or
23   three counter parties of his who had transactions with him over
24   the course of about a year and a half, about the same period
25   I'm talking about.
```

```
 1                         USA VS. R. PETIX
 2                  THE COURT:  The reason I'm bringing it up, Mr.
 3     Petix, and I'm talking to you, I don't have any idea of the
 4     strength of the case.  And as I think was clear last time, I'm
 5     not really conversant in Bitcoins.  Counsel are much more so
 6     than I.  I don't know whether you would be convicted after
 7     trial.  I'm telling you what my intention is on the R & R to be
 8     up front.  One of the things defendants usually ask their
 9     lawyers is, do you think I'll be convicted after trial.  I
10     don't know.  I don't know what your lawyers have told you.  I'm
11     just saying that is a question that usually defendants ask
12     their lawyers because if the answer is -- and understand, no
13     one can say anything to a certain degree, because you never
14     know what a jury is going to do, but certainly, lawyers with
15     Mr. Leonardo's experience and Mr. Lembke's experience, they can
16     give you a good idea of what they think, not that they wouldn't
17     do their best, obviously, to see that a not guilty verdict is
18     brought back, but they can give you kind of a good idea of what
19     they think would happen.  If the answer is, yeah, there is a
20     good chance you could be convicted, then typically what lawyers
21     want to do is see if they can make the best deal from it for
22     their client.  I'm pointing out, if this case were to be tried
23     and if you were to be convicted, then, I mean, obviously, I
24     think I'm right on the R & R, but if I'm wrong, it's going to
25     take at least, what?  A year?
```

```
 1                     USA VS. R. PETIX
 2              THE DEFENDANT:  A year to get to a trial?
 3              THE COURT:  No.  What I'm saying is this, and I
 4    want to talk to your family, too.  And I'm sure counsel have,
 5    too.  We have the issue of the R & R.  As I told you before, we
 6    went through some of the cases, and I talked about the weight
 7    of authority.  In other words, cases from other jurisdictions
 8    and other judges who went against what Judge Scott said.  And I
 9    said that I believe the weight of authority is contrary to what
10    Judge Scott determined.  And since it's on appeal to me as a
11    district judge, I have to review everything de novo and make a
12    decision.  Now, I'll render a written decision, as I said, but
13    I'm just saying, I believe the weight of the authority is
14    correct and Judge Scott should not have granted a motion to
15    dismiss the second count of the indictment, okay?  Am I right?
16    Am I wrong?  It would be up to the court above me to determine
17    that.  I mean, obviously, I think I'm right or I wouldn't make
18    the decision, but I've thought that before and been reversed by
19    the court above me.  However, it doesn't get to the court above
20    me until we would go through a trial and there would be a
21    conviction.  Obviously, if you were acquitted of that charge at
22    trial, there is no issue.  If you're acquitted of both charges,
23    there is no issue.  I don't know, what are the Guidelines if he
24    is convicted of Count 1?
25              MR. RESNICK:  Judge, it would be probably a zero
```

```
 1                        USA VS. R. PETIX
 2    to six.
 3               THE COURT:  So the second count is really the ball
 4    game.  If you were convicted of the second count, by the time
 5    it got to Second Circuit and they reversed it, and I'm talking
 6    about an appeal, if you were convicted of the second count, by
 7    the time it got to the Second Circuit, I'm saying, probably
 8    would be a year.  That is probably a fact of life because that
 9    is probably -- wouldn't you agree, counsel, that would be a
10    quick turn around?
11               MR. LEMBKE:  Yes.  By then he would be out of
12    custody, regardless, I think, of what happens after a trial.
13               THE COURT:  You're right.  He would be out of
14    custody regardless of what happens after a trial.  But I don't
15    know, if you take, if you add three more points for acceptance,
16    if that jumps, I don't know what that does to the Guidelines.
17    I haven't seen the plea agreement.  As I said, I'm not trying
18    to get involved.  I don't know what is included and what is not
19    included in the plea agreement.  All I know is both sides are
20    indicating to me that the recommended Guidelines would be 24 to
21    30 months.  Whatever you want to do is fine with me.  If you
22    want to put this down for a trial, it's easy, we can do that.
23    Tell me how long it will take and we'll pick a week.
24               MR. LEONARDO:  Judge, my client has asked that the
25    motion that he be advised with regard to Judge Scott be
```

6

1                    USA VS. R. PETIX
2    withdrawn and the matter be placed on your trial calendar.
3                    THE COURT:  I don't understand the motion to be
4    withdrawn.
5                    MR. LEMBKE:  You don't have to rule on the R & R,
6    the speedy trial clock runs today and we have a trial within 70
7    days.  And if Mr. Petix decides to plead guilty, he can walk in
8    here any day and plead guilty.
9                    THE COURT:  That is a very good point, Mr. Lembke.
10                   MR. LEMBKE:  On the 69th day.
11                   THE COURT:  And the only difference would be the
12   three points for acceptance.
13                   MR. LEMBKE:  Maybe he gets two or three or maybe
14   none, who knows.  Maybe we're right on many of the Guidelines
15   and were wrong and maybe you can sentence him to anything you
16   want to.
17                   THE COURT:  I'm sure both sides have taken the
18   time.  Probation is helpful on the Guidelines.  Kathy, let's
19   figure out a time.
20                   MR. LEMBKE:  Is there any time off of the speedy
21   trial clock?
22                   MR. RESNICK:  Motions are still pending.
23                   MR. LEMBKE:  Not now they're not.
24                   MR. RESNICK:  If you're withdrawing today, they
25   start tomorrow.

```
1                      USA VS. R. PETIX
2               MR. XIANG:  I don't think so.
3               THE COURT:  I'm looking at May 1st for a trial
4    date.  I think that is the -- I know.  I know you are making
5    that application because you want to book a trial date as quick
6    as possible and I'm trying to give that to you.
7               MR. LEONARDO:  Very well, your Honor.  That is
8    good for us.
9               THE COURT:  That is subject to me going over my
10   calendar.  And so if you try it on May 1st, how long will the
11   case take?
12              MR. XIANG:  I think proof will be about three
13   weeks -- I'm sorry, three days.
14              THE COURT:  Should be a week trial?
15              MR. XIANG:  Yes, sir.
16              THE COURT:  Would you agree with that, counsel?  I
17   don't know if you have any.
18              MR. LEONARDO:  Judge, from what we've seen so far,
19   that would appear to be a fair estimate.
20              THE COURT:  I want to be clear, for the record,
21   that Mr. Leonardo, the government has filed objections to Judge
22   Scott's R & R.  What you're indicating to me is that -- and
23   it's a little confusing because he issued this decision, the
24   government is objecting, you are withdrawing any application to
25   dismiss Count 2.  Is that correct?
```

8

```
1                        USA VS. R. PETIX
2                MR. LEONARDO:  Yes, that's correct.
3                THE COURT:  Is the government satisfied that
4    suffices?
5                MR. RESNICK:  Yes.  I just want to -- I don't want
6    to speak for counsel, that means his appeal rights for that
7    issue would be no longer there.
8                THE COURT:  Right.  Do you understand that?  Do
9    you understand that, Mr. Petix?
10               THE DEFENDANT:  My appeal rights to the motion or
11   my appeal rights to the whole charge in general?
12               THE COURT:  To the motion.  So you made a motion
13   to dismiss Count 2.  Okay?  What you're doing now, what Mr.
14   Leonardo and Mr. Lembke are saying is, you're withdrawing that
15   application to dismiss Count 2.  It doesn't mean that, based on
16   something that happens at trial, you can't appeal, you know.
17   For example, if you believe the evidence is insufficient to
18   convict you of Count 2, you can always raise that on appeal.
19   Would you agree with that, counsel?
20               MR. LEMBKE:  As a factual matter.
21               THE COURT:  As a factual matter.
22               MR. LEMBKE:  Yes.  What we've done with the motion
23   here is a motion based on the pleadings of the indictment.
24   Okay.  And my advice to him and our advice to him is that he
25   withdraw that particular motion.  It does not mean we give up
```

1                     USA VS. R. PETIX

2     our legal issues, for example, for purposes of the jury charge.

3               THE COURT:  No, you can.

4               MR. LEMBKE:  And the sufficiency of the evidence

5     and whether or not --

6               THE COURT:  No.  What Mr. Lembke is saying is when

7     the time comes, I'll give you an example, Mr. Petix, at the

8     close of the government's case, the defense can make a motion

9     for a judgment of acquittal.  Mr. Lembke is indicating they're

10    going to make a motion based on the fact they believe the facts

11    are legally insufficient to support the charge for whatever

12    reason.  And what I'll say, whatever I say, if I said, no, I

13    think you're wrong, Mr. Lembke and Mr. Leonardo, you can have

14    an exception, so they then have an appeal.  Does that make

15    sense to you?

16              THE DEFENDANT:  It all makes sense to me.

17              THE COURT:  Okay.  We'll talk to Kathy and make

18    sure we can do it that week because we have stuff to move

19    around.  We'll try this, the week of May 1st, and go in there.

20    So it will be up to the jury.  Now, we'll issue a pretrial

21    order.  One of the things I would expect is, and I would,

22    hopefully, it's in the order, whoever your witnesses are,

23    you'll notice them the day before so they can prepare whatever

24    cross examination they want so we don't delay any proceedings.

25    Mr. Lembke has tried cases in front of me before, and Mr.

1            USA VS. R. PETIX

2    Resnick has, also, so you understand my pretrial order.

3    Anything further?

4            MR. LEMBKE: Your Honor, it should be specific

5    here today that Mr. Petix is happy with a May 1st trial date.

6    I don't mean happy, he consents to that, because I believe the

7    Speedy Trial Act states that it might be 30 days from

8    arraignment, there is a minimum 30-day period. He waives that

9    minimum 30-day period.

10           THE COURT: Just so we're clear, I clearly

11   understand the defense's strategy. You want -- Mr. Petix wants

12   to have as prompt a trial as possible. The Court is trying to

13   accommodate that request. To the extent there is any -- I

14   don't know if there is any time constraints, the Court

15   understands, to the extent there are any, Mr. Petix, you're

16   waiving those, correct?

17           THE DEFENDANT: Yes, your Honor.

18           THE COURT: The Court has dealt with Mr. Petix

19   before. The Court does find, to the extent a waiver is

20   necessary, the waiver is being entered knowingly, intelligently

21   and voluntarily. And that is after you talked to Mr. Leonardo

22   and Mr. Lembke?

23           THE DEFENDANT: I'm not waiving my right to a

24   speedy trial.

25           THE COURT: You're actually getting a speedier

1                       USA VS. R. PETIX

2    trial.  You're waiving the right to have the trial delayed so

3    you can get a speedier trial.  Makes sense?

4               THE DEFENDANT:  Yes, your Honor.

5               THE COURT:  And you're in agreement with that?

6               THE DEFENDANT:  Yes, your Honor.

7               THE COURT:  And you discussed that with your

8    lawyers?

9               THE DEFENDANT:  Yes.

10              THE COURT:  Kathy.

11              MR. RESNICK:  Your Honor, you're going to issue an

12   order with regard to the withdrawal of that motion?  A written

13   order?

14              THE COURT:  I'm asking you to submit it.  The

15   government can prepare it and have both sides sign it.  They're

16   withdrawing the motion.  They're withdrawing the pretrial

17   motion to dismiss Count 2.  I'll ask you to prepare the order

18   and settle it with Mr. Lembke and Mr. Leonardo.  And once it's

19   signed by both sides, submit it to me and I'll sign it.  Okay?

20              MR. RESNICK:  Yes, Judge.  As far as the

21   violation, we'll adjourn that until after trial?

22              THE COURT:  Makes most sense to adjourn the

23   violation out.  Let me ask another question, because it was

24   brought up about what else is on the electronic media.  Is the

25   government still trying to determine what, if anything, is on

```
 1                    USA VS. R. PETIX
 2   -- it's a flash drive, correct?
 3              MR. XIANG:  Six flash drives, Judge, yes.
 4              THE COURT:  Have you determined -- you can't
 5   without the password?
 6              MR. XIANG:  We could.  We would have to -- we
 7   don't have the resources to be able to analyze that within an
 8   acceptable amount of time.  The decryption process, I think, is
 9   estimated at three years.
10              THE COURT:  Let me stop you.  I think, if I'm Mr.
11   Petix, this is a consideration to me.  When you say within a
12   period of time, what's, being candid, the proposal, the thought
13   was there might be child pornography or something else?
14              MR. XIANG:  That's right, your Honor.
15              THE COURT:  Isn't the statute of limitations five
16   years on prosecuting those crimes?
17              MR. RESNICK:  I believe it's ten years for child
18   pornography.
19              THE COURT:  All right, ten years.  You're telling
20   me within ten years you can't find out what is on that
21   electronic media?
22              MR. XIANG:  Judge, we can.  That wasn't the time
23   frame we had thought.
24              THE COURT:  I'm not talking about the time frame
25   you thought.  I'm just trying to make sure that, you know,
```

1               USA VS. R. PETIX

2    everyone understands this.  And I thought you were saying you

3    can't get into those and you're telling me you can, but it

4    would take time.

5               MR. XIANG:  Yes, that is what we anticipate.  We

6    would have to brute force it, meaning especially, potentially,

7    try every type of pass codes that are mathematically possible.

8    We might strike lucky on the first try, chances are we aren't

9    going to.

10              THE COURT:  Listen, they managed to get all of our

11   government stuff by doing something similar.

12              THE DEFENDANT:  It was the Russians?

13              THE COURT:  That was the Chinese.  The Russians

14   probably already had it.

15              MR. LEMBKE:  The pass code was Obama.

16              THE COURT:  All I'm saying, I want Mr. Petix to

17   know if you're going to pursue that, because if you're going to

18   pursue that, then that might be a consideration.  In other

19   words, in exchange for resolving this, there was a commitment

20   from the government not to examine what is on those discs, that

21   may be a factor.  I don't know what's on them, you don't know

22   what's on them.  The only one that knows what's on them is Mr.

23   Petix and counsel.  I don't know if that is a legitimate

24   consideration.  I understood you couldn't get the information

25   unless you had the pass code, and you're telling me you can, it

```
 1                       USA VS. R. PETIX
 2    just would take time, essentially.  So, if you could tell me,
 3    is the government -- where are the flash drives?
 4              MR. XIANG:  They should be with HSI, in HSI
 5    custody.  And, Judge, the plea, the offer we made, which allows
 6    the parties to argue that, for my purposes, would have
 7    terminated the case.
 8              THE COURT:  And I want to make sure everyone
 9    understands, you're not terminating the case.  I thought it was
10    essentially terminated because you couldn't find out what was
11    on the flash drive anyway.  You're telling me there are ways
12    with computer programs, et cetera, et cetera, that you might be
13    able to, in a month or two months, three months, four years,
14    find out what is on the flash drives.
15              MR. RESNICK:  Another consideration, your Honor,
16    because it's a ten-year statute, technology can change where it
17    may be easier, five years from now, to be able to get into
18    those things.  That is speculation, but you know how technology
19    works.
20              MR. LEMBKE:  We're at the end of technology now.
21              THE COURT:  I wish you were right, Mr. Lembke.
22              MR. LEMBKE:  There is nothing else.
23              THE COURT:  We've gone from Facebook to Instagram.
24              MR. LEMBKE:  When you can watch --
25              THE COURT:  You'll get emersed in those in no
```

1                    USA VS. R. PETIX
2    time.
3              MR. LEMBKE:  You can watch March Madness on your
4    phone in a courtroom, you can't get any better.
5              THE COURT:  So we have no idea -- if you told me
6    you could go to Wegmans and swipe your card and pay your bills
7    thirty years ago, I would have said you are nuts, but not so
8    much.  I'll put it down for trial and if you want to explore
9    that option further, you can.  But I want you to understand,
10   Mr. Petix, that the government is saying they may be able to
11   access what is on the flash drives.  If they do and they find
12   something of a criminal nature, they have 10 years to submit
13   those charges.  They're telling me, in the plea agreement that
14   they submitted, they're planning to forego any further
15   prosecution based on what they may find on the flash drives.
16   Okay, counsel, we'll issue a pretrial order.  Thank you.
17             DEFENDANT'S FATHER:  Your Honor, considering the
18   fact that my son has already served the majority of his
19   sentence, is there a possibility to give him bail?
20             THE COURT:  I think I reviewed that issue a couple
21   of times and there is no application before me, and I don't
22   know what I would rule.  Probably not.  I'm trying to give him,
23   in that regard, I'm trying to give him as quick a trial date as
24   I can, which is less than a month away, which is pretty quick.
25             DEFENDANT'S FATHER:  In the absence, 24 months

16

```
1                      USA VS. R. PETIX
2    would be 20 months.  By the time trial concludes, he'll have
3    the sentence served whether he is guilty or innocent.
4              THE COURT:  That is the Guidelines.  I don't know
5    what the maximum is.  What is the maximum?
6              MR. XIANG:  Ten years.
7              THE COURT:  Maximum ten years, and the Guidelines
8    would probably go up.
9              MR. XIANG:  33 to 41.
10             THE COURT:  Go up to 33 to 41 because he'll lose
11   points for what is called acceptance.  Mr. Leonardo can explain
12   that to you, okay?
13             DEFENDANT'S FATHER:  Yes, Judge.
14             THE COURT:  Thank you.
15             DEFENDANT'S FATHER:  Thank you.
16             THE COURT:  You have a nice day, folks.
17                     CERTIFICATE OF TRANSCRIBER
18
19      I certify that the foregoing is a correct transcript from
20   the official electronic sound recording of the proceedings in
21   the above-entitled matter.
22
23   /s Karen J. Bush, RPR
24   Official Court Reporter
25
```