MANDATE

17-3774
*United States v. Petix*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v. No. 17-3774

RICHARD PETIX,

*Defendant-Appellant*.

---

For Appellee United States of America: Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

For Defendant-Appellant Richard Petix: Brendan White, White & White, New York, NY.



MANDATE ISSUED ON 05/07/2019

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and the case is **REMANDED** for entry of a corrected judgment.

Defendant-appellant Richard Petix appeals a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*), requiring Petix to forfeit a sum of $189,862.96 in United States currency in connection with his conviction for operating an unlicensed money transmitting business under 18 U.S.C. § 1960. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On July 11, 2017, the district court entered a preliminary order of forfeiture requiring Petix to make a monetary forfeiture of $189.862.96. On September 13, 2017, the court conducted a sentencing hearing. Petix argued then that some of his offense conduct was not illegal and therefore the related proceeds should not count toward the "loss amount" to be used under the U.S. Sentencing Guidelines for determining his sentence. The court adjourned the sentencing, however, to permit the Government and Petix to brief several issues, including both the correct "loss amount" and whether Petix's failure to object to the preliminary forfeiture order should bar him from a later challenge.

On November 1, 2017, the district court conducted a second sentencing hearing for Petix. On this occasion, it pronounced Petix's sentence. In addition to imposing a term of incarceration, the court announced that Petix would be required to forfeit certain electronic equipment used in his crime of conviction, as was set out in the preliminary order. It announced no monetary forfeiture at all and indeed made no mention of monetary forfeiture. Two days later, on

November 3, the district court entered a final order of forfeiture. Like the preliminary order, the final forfeiture order required Petix to forfeit $189,862.96. Three days after that, on November 6, the district court entered written judgment in Petix's case. Like the oral statement of November 1, but unlike the November 3 order, the judgment required forfeiture of the electronic equipment and made no mention of a monetary forfeiture.

Finally, over two months later, on January 17, 2018, the court entered an amended written judgment and included in it a monetary forfeiture amount of $189.862.96. It is this judgment that Petix appeals. He argues that the district court's failure to pronounce the monetary forfeiture component of his sentence at his actual sentencing on November 1, 2017—the hearing at which he appeared before the court and was personally informed of his sentence—violated Federal Rule of Criminal Procedure 32.2(b)(4)(B). That rule states, in relevant part: "The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing."

"We review a district court's legal conclusions—including those regarding the application of the forfeiture statute—*de novo,* and all underlying factual findings for clear error." *United States v. Peters*, 732 F.3d 93, 98 (2d Cir. 2013).[1] Because Petix failed to object to this aspect of his sentence before the district court, his claim is subject to plain error review. *United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (per curiam). However, we "relax the plain error standard when the defendant does not receive prior notice of [a sentencing] condition." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam). In particular, "when the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term would be imposed, we will review the issue *de novo* even if the

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

Case 17-3774, Document 81, 05/07/2019, 2557320, Page4 of 7

defendant failed to raise an objection" below. *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018). Here, Petix "knew in advance," from the preliminary order of forfeiture and the briefing between the first and second sentencing hearings, "that the District Court might include" the Government's proposed forfeiture amount in a final forfeiture order. *Id.* "But he could not have known before issuance of the written judgment that the District Court would include [a monetary forfeiture] in the written version of his sentence after [the court] omitt[ed] any mention of it from the spoken version." *Id.* at 208. We therefore review the district court's alleged legal error *de novo*.

We find that the district court erred by including in its final order of forfeiture a monetary forfeiture that it did not announce at sentencing. "Because a defendant has a constitutional right to be present when he is sentenced, if there is a variance between the oral pronouncement of sentence and the written judgment of conviction, the oral sentence generally controls." *United States v. DeMartino*, 112 F.3d 75, 78 (2d Cir. 1997); *see United States v. Carr*, 557 F.3d 93, 109 (2d Cir. 2009). This general rule is reflected, with slight modification, in the clear wording of Rule 32.2(b)(4)(B). The district court violated these principles by failing to "include the [monetary] forfeiture when orally announcing the sentence." Fed. R. Crim. P. 32.2(b)(4)(B).[2] The court's inclusion of monetary forfeiture in its final forfeiture order and amended written judgment does not excuse failure to announce monetary forfeiture as part of its forfeiture judgment at sentencing. The Rules treat oral notice and a written judgment as independent requirements. *See id.* ("The court must *also* include the forfeiture order, directly or by reference, in the judgment . . . ." (emphasis added)). It would read the notice requirement out of Rule 32.2

[2] Compounding this error—and adding to the confusion—neither the minute order entered after the November 1 sentencing hearing nor the written final judgment listed any monetary forfeiture. Only the final order of forfeiture, which was signed on the same day as the final judgment but entered three days earlier, included the monetary forfeiture.

to allow a written final order filed after sentencing to substitute for notice at the sentencing hearing itself.

The Government contends that there was no error because the court "otherwise ensure[d] that [Petix] kn[ew] of the forfeiture" amount. *Id.* It notes that the indictment included a forfeiture provision, the court advised Petix during his plea colloquy that it would impose forfeiture and would have to determine the forfeiture amount, and the preliminary order of forfeiture (to which Petix did not object) stated the forfeiture amount. We are not convinced. The forms of notice the Government mentions are already required by other provisions of the Rules. *See* Fed. R. Crim. P. 11(b)(1)(J), 32.2(a), 32.2(b)(2). There would be no need for Rule 32.2(b)(4)(B) if those previous warnings sufficed to ensure notice at sentencing. Under the Rules, the court must "ensure that the defendant knows of the forfeiture *at sentencing*," not merely at earlier points in the criminal process. Fed. R. Crim. P. 32.2(b)(4)(B) (emphasis added).

The broader structure of Rule 32.2 buttresses our reading. Rule 32.2 was amended in 2009 to state that "the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). This provision allows parties to continue contesting aspects of the forfeiture after the preliminary order is filed, at any time until "oral announcement of the sentence and the entry of the criminal judgment," when the forfeiture becomes final. Fed. R. Crim. P. 32.2 advisory committee's note to 2009 amendments, subdiv. (b)(2)(B). Nor does this provision limit the parties to merely tinkering around the edges of the forfeiture. Indeed, the Advisory Committee deemed it particularly necessary to develop a mechanism for objection when the preliminary "order contains errors or omissions that do not fall within Rules 35(a) or 36," which allow for correction only of

"arithmetical, technical, or other clear error" within seven days of judgment or "clerical errors" thereafter. *Id.* (citation omitted). It would make no sense to allow for such wholesale contestation of the preliminary order up until sentencing while also allowing the preliminary order itself, or notice given prior to that order, to serve as notice of the final forfeiture under Rule 32.2(b)(4)(B).

The Government also asserts that the court gave Petix notice during sentencing "by noting repeatedly that Petix filed no objections with respect to the [G]overnment's motion for a Preliminary Order of Forfeiture or after the district court filed the Preliminary Order of Forfeiture itself." Gov't Br. 15. However, as Petix points out, the Government's argument refers to his first sentencing-related hearing on September 13, 2017. The court adjourned that hearing without sentencing Petix, so that the parties could file briefs on issues including whether Petix could still challenge the forfeiture amount. The court expressly stated that "we are going to put [the case] on for a sentencing date. . . . November 1 for sentencing." App. 177. Therefore, the September 13, 2017, hearing is not the relevant "sentencing" for purposes of Rule 32.2(b)(4)(B). The Rules state that the court either "must include the forfeiture when orally announcing the sentence or must *otherwise ensure* that the defendant knows of the forfeiture *at sentencing*." Fed. R. Crim. P. 32.2(b)(4)(B) (emphases added). The text of Rule 32.2(b)(4)(B) thus requires that any other form of notice be an adequate substitute for orally announcing the forfeiture as part of the sentence. The court must ensure the defendant knows of the forfeiture at the hearing at which he is, in fact, sentenced. "The Rule does not say that notice from previous hearings suffices. . . . The Rule certainly could have been written so that it would be sufficient that a defendant is on notice of a penalty of forfeiture. It, however, was not so written." *United States v. Martin*, 662 F.3d 301, 313 (4th Cir. 2011) (Gregory, *J.*, concurring in part and dissenting in part). Simply put,

Petix did not receive notice of monetary forfeiture at his November 1, 2017, sentencing, the only relevant hearing here.[3] That failure violated Rule 32.2(b)(4)(B).[4]

As a result of the district court's error, the forfeiture announcement at Petix's sentencing differed from that in his final judgment: the latter included monetary forfeiture, while the former encompassed only forfeiture of equipment. "Where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment . . . the oral pronouncement, as correctly reported, must control." *Carr*, 557 F.3d at 109. Because the district court announced no monetary forfeiture at sentencing, the entire monetary forfeiture in the final judgment must be stricken. For the reasons stated herein, the judgment of the district court is **VACATED IN PART** and the case is **REMANDED** for entry of a corrected judgment that removes monetary forfeiture altogether from Petix's sentence.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Even if prior notice could somehow have satisfied Rule 32.2(b)(4)(B), any such benefit was lost during the November 1, 2017, sentencing. There, the court reconsidered the initial calculation of the "loss amount" of Petix's sentence, based on a legal argument that would equally apply to Petix's forfeiture amount. The court's acceptance of that argument at the very least created confusion as to whether the monetary forfeiture amount would remain the same.

[4] The district court did amend the written judgment on January 17, 2018, to include the monetary forfeiture. If a court announces forfeiture at sentencing, the failure to include a forfeiture order in the subsequent written judgment is considered a clerical error that "may be corrected at any time under Rule 36." Fed. R. Crim. P. 32.2(b)(4)(B). However, this rule does not extend to the reverse situation, in which the court fails to announce the forfeiture at sentencing. Using Rule 36 to substitute a written judgment for the notice requirement would conflict with the clear command of Rule 32.2(b)(4)(B). Particularly since "a defendant must be present at pronouncement of sentence," *Washington*, 904 F.3d at 208; *accord* Fed. R. Crim. P. 43(a)(3), and the orally announced sentence controls over any contrary written sentence, *see DeMartino*, 112 F.3d at 78, we cannot dismiss as a mere "clerical error" the failure to include part of the forfeiture in the oral announcement of a sentence.